995 F.2d 1061
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Robert KING, Plaintiff, Appellant,
v.
MARTIN FEED MILLS LIMITED, Tim Martin, Tony Lloyd,
Defendants, Appellees.
 No. 93-1113.
 United States Court of Appeals,
First Circuit.
 June 24, 1993.
 
 Appeal from the United States District Court for the District of Massachusetts
 Carlton J. Dasent on brief for appellant.
 Harry C. Mezer, P.C., on Memorandum of Law in Support of Motion for Summary Affirmance, for appellee.
 D.Mass.
 AFFIRMED.
 Before Breyer, Circuit Judge, Selya and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 The plaintiff-appellant, Robert King, has appealed a judgment in defendants-appellees' favor, claiming error in jury instructions given and not given and error in the formulation of special jury questions. Despite the court rules, see, e.g., Fed. R. App. P. 10(b), setting out the appellant's obligation to provide this court with a sufficient supporting record, this court's extensive caselaw in this regard, see, e.g., Valedon Martinez v. Hospital Presbiteriano, 806 F.2d 1128, 1135 (1st Cir. 1986), and the obvious necessity of providing a transcript to support such claims of error, the appellant has not done so. Indeed, he has even expressly decried the necessity of providing a transcript in this case.
 
 
 2
 "We have held repeatedly that we will not review a claim of error if the appellant has failed to include a transcript of the pertinent proceedings in the record on appeal." Id. (citing our caselaw). We are unable meaningfully to review appellant's claims because, as in Valedon Martinez, "in the absence of a transcript we simply are unable to evaluate the adequacy of the district court's instruction or to determine whether appellant interposed a proper objection." Id. So too, we are unable to determine whether the appellant properly raised and preserved issues as to instructions not given or to preferred formulations of the special jury questions. The appellant's brief, in fact, is strangely silent as to whether he raised any objections. "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection." Fed. R. Civ. P. 51. We have required "firm adherence" to this rule. Transnational Corp. v. Rodio & Ursillo, Ltd., 920 F.2d 1066, 1069 (1st Cir. 1990).
 
 
 3
 On occasion, despite the absence of a relevant transcript, we have considered an appellant's claims to the extent possible on the limited record before us. See, e.g., Valedon Martinez v. Hospital Presbiteriano, 806 F.2d at 1135. In this case, our review finds appellant's arguments deficient and without hint of possible merit.
 
 
 4
 Appellant complains that his breach of contract claim was not heard by the jury.[1] This complaint is puzzling as the first special question presented to the jury was:
 
 
 5
 Was there in 1990 an agreement for an exclusive distributorship between plaintiff, Robert King and defendant, Martin Feed Mills, Ltd.?
 
 
 6
 The jury answered "No," suggesting that the jury considered the issue of the existence of a contract and found that no contract existed.
 
 
 7
 Insofar as appellant's complaint may be directed toward the issue of improper termination, this issue was not heard by the jury because the district court directed a verdict against him. Yet, appellant's brief does not even acknowledge the directed verdict, much less set out the standard of review. On appeal from a directed verdict, we look at the evidence in the light most favorable to the losing party and determine whether a reasonable jury could only have reached the same conclusion as the trial court. Newharbor Partners, Inc. v. F.D. Rich Co., 961 F.2d 294, 298 (1st Cir. 1992). A party challenging a directed verdict may not rest on conjecture or speculation, but must rely on evidence which consists of " 'more than fragmentary tendrils: a mere scintilla of evidence is not enough to forestall a directed verdict,' especially on an issue as to which the burden of proof belongs to the appellant." Id. (citation omitted). Appellant cannot succeed in convincing this court that the district court erred in taking this issue from the jury without providing us with the evidence which he claims suffices to merit jury review. And, of course, that evidence, if it existed, would, of necessity, lie in the trial transcript.
 
 
 8
 Appellant also contends that it was error for the district court judge to have "instructed the jury that there was a Counterclaim and she requested that the jury consider this Counterclaim against the plaintiff." Appellant argues that the defendants did not file any counterclaim with or subsequent to their answer. This is of no moment.
 
 
 9
 When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they have been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues.
 
 
 10
 Fed. R. Civ. P. 15(b). The record contains the court's scheduling order of July 14, 1992, and its pretrial order of November 17, 1992, in which the parties' agreed-to issues included:
 
 
 11
 Whether defendant improperly terminated the distributorship or whether plaintiff had before the date of termination breached the agreement by failing to pay his debts to defendant?
 
 
 12
 It is evident that the defendants' counterclaim for nonpayment of debts was properly part of this case. Moreover, in any event, the record indicates that the district court directed a verdict for the appellant on the counterclaim.
 
 
 13
 In sum, the defendants' request for summary affirmance is well warranted.
 
 
 14
 The judgment of the district court is affirmed. Loc. R. 27.1.
 
 
 15
 We award double costs to the defendants-appellees. Fed. R. App. P. 38.
 
 
 
 [1]
 Appellant also complains that the jury was not allowed to hear testimony from his alleged experts on the question of damages for breach of contract. The clerk's notes from the trial indicate that one of these witnesses testified and that the testimony of the second witness was excluded. In the absence of a transcript, we can derive no further enlightening information. At any rate, the exclusion of evidence on damages in harmless where, as here, the judgment on liability in defendants' favor must stand